IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GARY SMITH                                                                    PLAINTIFF

v.                                    Civil No. 4:20-cv-04051

MILLER COUNTY DETENTION CENTER;
WARDEN WALKER; and SERGEANT GOLDEN                     DEFENDANTS

## ORDER

Plaintiff Gary Smith filed this 42 U.S.C. § 1983 action *pro se* on July 29, 2020. (ECF No. 1). That same day Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 2). Before the Court is Plaintiff's failure to comply with orders of the Court.

On June 29, 2021, the Court ordered Plaintiff to submit a completed certificate of account with an IFP application to the Court for review and filing or pay the $350 filing fee and $52 administrative fee by August 20, 2021. (ECF No. 3). This order also directed Plaintiff to complete an Amended Complaint by August 20, 2021.  Plaintiff initially named the Miller County Detention Center as the sole Defendant.  The order stated that Plaintiff may substitute as a Defendant an individual who was personally involved in a violation of Plaintiff's rights in place of the Miller County Detention Center. *Id.* The order informed Plaintiff that failure to timely comply with the Court's instructions would result in his case being dismissed. *Id.* On August 13, 2021, the order was returned to the Court as undeliverable. (ECF No. 5). That same day the Court received a change of address from Plaintiff, and the Clerk resent the order to Plaintiff. (ECF No. 6).

On August 30, 2021, the Court entered text only orders directing Plaintiff to submit a completed IFP application and an Amended Complaint by September 20, 2021. (ECF Nos. 7, 8). The Plaintiff was once again informed that failure to comply with the Court's orders would result

in his case being dismissed. *Id.* On September 22, 2021, Plaintiff filed a Motion to Appoint Counsel and a Motion for Extension of Time to file a completed IFP application and an Amended Complaint. (ECF Nos. 10, 11). The Court denied Plaintiff's motion for counsel. (ECF No. 12). However, the Court granted Plaintiff's request for an extension of time giving him until October 23, 2021, to submit an IFP application and an Amended Complaint. (ECF No. 13). Plaintiff was again informed that failure to comply with the order would result in his case being dismissed. To date, Plaintiff has not responded, and the order has not been returned as undeliverable.

On October 25, 2021, the Court entered an order giving Plaintiff until November 15, 2021, to show cause as to why he failed to submit a completed IFP application and Amended Complaint. (ECF No. 14). The order informed Plaintiff that failure to respond by November 15, 2021, would result in dismissal of his case. On November 3, 2021, Plaintiff submitted another change of address indicating he is now incarcerated in Huntsville, Texas. (ECF No. 15). However, to date the show cause order has not been returned to the Court as undeliverable and Plaintiff has not responded.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the

court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with numerous orders of the Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 19th day of November, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge